UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR SANCHEZ-MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>D. FREITAS, et al.,<br><br>Defendants. | Case No. 22-cv-07144-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pre-trial detainee at Santa Cruz County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint, Dkt. No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

7  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

8  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

9  U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants the following Santa Cruz County Jail ("SJCC") prison officials: D. Frietas, Lt. J. Ainsworth, Lt. D. Robbins, Lt. B. Cleveland, Sgt. S. Enrico, Sgt. A. Zaragoza, supervising correctional officer K. Ureta, and classification officers V. Mora, D. Ganschow, and R. Seavers.

The complaint makes the following allegations.

The first claim is that, sometime before November 21, 2021, Plaintiff was placed into an "extremely dirty cell[] beyond human tolerance and dignity[, with] piles of trash everywhere and the room smelling extremely bad." Dkt. No. 1.  Plaintiff reported the dirty cell to defendant Sgt. Enrico and to Lt. Baldwin, who apologized and mentioned that the issue would be addressed. However, no action was taken.  In or around May 2022, Plaintiff was again moved into a dirty cell.  Plaintiff has raised this issue multiple times but his concerns are always "met with empty words."  Because defendants Ureta, Mora, Ganschow and Seavers are the classification officers in charge of cell moves, they are responsible for inquiring if a cell is clean before moving an inmate in.  If defendants Ureta, Mora, Ganschow, and Seavers fail to ensure that the cell is clean, it is then the responsibility of defendants Zargoza and Cleveland, and of chief Ramos.

In the second claim, the complaint alleges that Plaintiff's safety is at risk for the following three reasons.

First, the jail doors at Santa Cruz County Jail can be popped open by inmates at will,

1   making it unsafe for everyone, including Plaintiff.  SCCJ has previously been in lockdown after

2   inmates in C unit killing someone.

3         Second, in some units, classification officers house active gang members with gang

4   dropouts.  In or around May 2022, classification officers, including defendant Sgt. Zaragoza, made

5   an attempt on Plaintiff's life by trying to place him in a unit where active gang members are

6   sometimes housed and where the doors can be popped open.  Sgt. Zaragoza made this decision

7   despite knowing Plaintiff's "past history and knowing how [Plaintiff] felt [about] these units."

8   Dkt. No. 1 at 4.  Plaintiff informed Chief P. Ramos via a grievance about the doors but no action

9   was taken despite Chief Ramos' statement that he would look into the issue.  Plaintiff informed

10  defendants Lt. Cleveland and Lt. Ainsworth via grievance about the danger posed to him by the

11  May 2022 classification decision, but defendants Cleveland and Ainsworth both disregarded

12  Plaintiff's opinion and stated that they had no problem with housing Plaintiff in that unit.  When

13  the grievance was appealed to defendant Frietas, defendant Frietas stated that defendants

14  Cleveland and Ainsworth had properly responded to Plaintiff's grievance.  Defendants Ureta,

15  Mora, Ganschow, and Seavers are in charge of inmate classification, and have disregarded all

16  safety concerns by knowingly and recklessly housing active gang members with protective

17  custody inmates in the same unit despite knowing that cell doors can be popped open.

18        Third, adding to Plaintiff's concerns about inmate safety, SCCJ fails to have an officer

19  present at the control desk/center at all times to deal with an emergency.  SCCJ prison officials

20  Shearer and Reed have acknowledged that officers may be called away from the control

21  desk/center to deal with other inmate requests.  This causes Plaintiff a great amount of stress and

22  unnecessary fear.  On May 22, 2022, Plaintiff had an emergency in his room and due to the lack of

23  an officer present in case of emergency, Plaintiff had to wait hours until he was heard again.

24        In the third claim, Plaintiff states that he "will bring up events w[h]ich are in violation of

25  my rights and that officials stated could not grievance policy (sic)."  Dkt. No. 1 at 5.  Plaintiff lists

26  grievances that he filed regarding the use of mechanical restraints and strip searches, and reports

27  that he was informed that the use of mechanical restraints was non-grievable and that his

28  suggestions as to alternatives to strip searches "fall on deaf ears."  Dkt. No. 1 at 5.

### C. Screening Complaint

Plaintiff's first claim is DISMISSED with leave to amend. Plaintiff's first claim alleges that cells are not cleaned before an inmate is moved in, resulting in him twice being moved into "extremely dirty" cells with piles of trash everywhere and bad smells. However, according to the exhibits attached to the complaint, Plaintiff was provided with cleaning supplies upon request to clean the cell, and he resided in a dirty cell for at most three to four days when he was physically unable to clean the cell immediately. Dkt. No. 1 at 8, 11.

Pretrial detainees cannot be subject to conditions that amount to punishment. *See Bell v. Wolfish* 441 U.S. 520, 535 & n.16 (1979). Pretrial detainees who sue prison officials regarding their conditions of confinement do so under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Bell*, 441 U.S. at 535; *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the prisoner or detainee must show that the prison official acted with deliberate indifference, specifically that the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined, these conditions put the plaintiff at substantial risk of suffering serious harm, the defendant did not take reasonable measures to abate that risk despite the risk being obvious, and therefore caused the plaintiff's injuries. *Castro*, 833 F.3d at 1068. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995). But a temporary placement in a cell that is dirty and smells bad does not violate pretrial detainees' constitutional rights. *Id.* at 1314-15 (no constitutional violation where pretrial detainees stayed temporarily in small, dark, dingy, and scary cell that smelled bad). In *Hoptowit v. Spellman*, 753 F.2d 779, 783 (1985), the Supreme Court noted that the failure to provide adequate cell cleaning supplies, where the prison was in a state of "overall squalor," violated the Eighth Amendment because it deprived prisoners of the tools necessary to maintain minimally sanitary cells.

Generally speaking, the Fourteenth Amendment prohibits substantial and prolonged deprivations of sanitation. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (Eighth

4

1    Amendment context). Here, Plaintiff's cell was temporarily dirty and there is no allegation that
2    the dirty conditions of his cell posed a substantial risk of serious harm to Plaintiff, or that
3    defendants Enrico, Ureta, Mora, Ganschow, and Seavers were aware of such risk. In addition, he
4    claims against defendants Zargoza and Cleveland[1] fail as a matter of law because Plaintiff is
5    seeking to hold them liable in their capacity as supervisors. There is no Section 1983 liability
6    simply because an individual supervised the alleged wrongdoer. *See Taylor v. List*, 880 F.2d
7    1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section
8    1983, i.e. no liability under theory that one is liable simply because he supervises person who has
9    violated plaintiff's right). Section 1983 liability may be imposed on an individual defendant only
10   if the plaintiff can show that the defendant proximately caused the deprivation of a federally
11   protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Because it appears that
12   Plaintiff may be able to cure these deficiencies, Claim No. 1 is DISMISSED with leave to amend.
13   *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to
14   amend unless pleading could not possibly be cured by allegation of other facts). Plaintiff is
15   reminded that the Fourteenth Amendment prohibits substantial and prolonged deprivations of
16   sanitation that pose a substantial risk of serious harm to inmate health, and that there is no
17   supervisory liability under Section 1983.
18   Plaintiff's second claim is DISMISSED with leave to amend. Plaintiff's allegation that he
19   is at substantial risk of serious harm from the doors at SCCJ, being housed with active gang
20   members, and the failure to have a staff member present at the control desk at all times is
21   conclusory. Plaintiff has not specifically identified any risk to him due to these conditions. It is
22   unclear whether the inmate killing in C Unit was due to inmates popping open doors[2] or the result
23   of a conflict between active gang members and gang dropouts or protective custody inmates.
24   Plaintiff has also not indicated that he is either a gang dropout or protective custody inmate, or

---

[1] The Court does not address the allegations against Lt. Baldwin and Chief Ramos because they are not named as defendants.
[2] In an exhibit attached to the complaint, Plaintiff was informed via a reply to his grievance that in the past eight-and-a-half years, no inmate had popped open the door in K unit to get to another inmate. Dkt. No. 1 at 19.

why he faces a specific risk of harm from being housed with active gang members. In fact, it appears that May 2022 housing decision has not resulted in any harm to Plaintiff. Plaintiff's allegation regarding the May 22, 2022 incident are vague. It is unclear what emergency Plaintiff had that required officer assistance. Because it appears that Plaintiff may be able to cure these deficiencies, Claim No. 2 is DISMISSED with leave to amend. Plaintiff is reminded that the elements of a Fourteenth Amendment deliberate indifference claim are as follows: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined, (2) these conditions put the plaintiff at substantial risk of suffering serious harm, (3) the defendant did not take reasonable measures to abate that risk despite the risk being obvious, and (4) the defendant's decision caused the plaintiff's injuries. *Castro*, 833 F.3d at 1068.

Plaintiff's third claim is DISMISSED with prejudice. The third claim alleges that Plaintiff's constitutional rights have been violated by the prison grievance policy's designation of certain issues as "non-grievable" and by the lack of response/action in response to the issues he has raised. These allegations fail to state a claim as a matter of law because a prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. Claim No. 3 is DISMISSED with prejudice.

2. Claim Nos. 1 and 2 are DISMISSED with leave to amend. Plaintiff shall file an amended complaint within twenty-eight (28) days of the date of this order that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 22-07144 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly,

1  Plaintiff must include in his amended complaint all the claims he wishes to present and all of the
2  defendants he wishes to sue.  Plaintiff may not incorporate material from the prior complaint by
3  reference.  Failure to file an amended complaint in accordance with this order in the time provided
4  will result in this action being dismissed without further notice to Plaintiff.  The Clerk shall
5  include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:    1/27/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge