UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR SANCHEZ-MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>D. FREITAS, et al.,<br><br>Defendants. | Case No. 22-cv-07144-HSG<br><br>**ORDER SCREENING AMENDED COMPLAINT** |

Plaintiff, a pre-trial detainee at Santa Cruz County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's amended complaint. Dkt. No. 11.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
2  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
3  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
4  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a
6  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
7  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
8  U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants the following Santa Cruz County Jail ("SJCC") prison officials: deputy chief D. Frietas, former deputy chief P. Ramos, lieutenant C. Shearer, lieutenant B. Cleveland, lieutenant J. Ainsworth, lieutenant D. Robbinson, lieutenant C. Ramirez, sergeant M. Savage, sergeant A. Zaragoza, compliance officer J. Reed, supervising classification officer K. Ureta, and classification officers V. Mora, D. Ganschow, and R. Seavers.

The amended complaint makes the following allegations.

The first claim is that Plaintiff has informed defendants Ramos, Frietas, Cleveland, Robbins, Shearer, Ainsworth, Ureta, Mora, Ganschow, Zaragoza, Seavers, and Reed of jail conditions that put the safety of Plaintiff (and other inmates) at risk, but these defendants have failed to take any action to rectify the situation, in violation of the Fourteenth Amendment's prohibition on deliberate indifference to inmate safety.  Plaintiff identifies the following jail conditions that render the jail unsafe for himself and other inmates.  The door locking mechanism is ineffective and inmates can easily pop open cell doors.  Inmates are known to pop upon cell doors and assault other inmates.  Due to overpopulation, in some cells, SCCJ does not segregate minimum, medium, and maximum security inmates.  Also, SCCJ fails to segregate violent inmates from nonviolent inmates, fails to segregate mental health inmates, and fails to segregate active gang members from dropouts.  SCCJ also fails to have an officer present at all times, as required by state regulations.  SCCJ also fails to have an adequate officer to inmate staffing ratio, while results in officers responding to emergency buttons hours later.  Plaintiff is a gang dropout and

was granted protective custody status, and therefore does not wish to be housed in units with active Sureño and Norteño gang members. The unsafe conditions have caused Plaintiff to live in constant fear for his safety, and caused him great stress and anxiety. *See* Dkt. No. 11 at 4-5.

The second claim is that on December 30, 2022, officers sexually assaulted Plaintiff, acted maliciously towards him, used unnecessary force on him, intentionally inflicted emotional harm on him, and humiliated and dehumanized him as follows. After being forced to stand in the rain for about an hour, Plaintiff was taken to an interview room and left there for hours, soaking wet. Plaintiff's requests to be transported to a cell, to use the toilet, to change clothes, and for water, were ignored by the officers that passed by and ignored by defendant Savage. Plaintiff finally flagged down an officer, who got on his radio and reported that Plaintiff was suicidal. Defendant Savage and other officers responded to this call. Plaintiff informed defendant Savage that he was not suicidal and simply needed to be taken to a cell, and stated that the cameras would support his statements. Defendant Savage disregarded Plaintiff's statements, had Plaintiff taken to a safety, and had Plaintiff's clothing removed. Plaintiff protested the clothing removal, stating that it constituted sexual harassment. Officers forced Plaintiff to the ground, and tore off his clothing in the presence of female officers and left Plaintiff with just two safety blankets. Plaintiff alleges that defendant Savage acted with malicious intent, in bad faith, and in violation of "protocol and policy." Plaintiff states that this incident has caused him great emotional pain. He further reports that his grievances regarding this incident have been denied on false allegations and his claims denied as unfounded. Defendant Frietas was made aware of this incident but did not look into it. Dkt. No. 11 at 5-6.

The third claim alleges that Plaintiff has reason to believe that the jail mail policy implemented by defendants Frietas, Shearer, Cleveland, Robbinson, and Ramirez has no real legitimate penological interest. The jail mail policy disallows inmates from receiving physical mail. Instead, all mail must be sent to an address in Florida where the mail is scanned. Inmates are then able to view the mail on tablets. There is only one tablet for six inmates, causing tension, fights, and arguments over the tablets, and resulting in some inmates never accessing the tablets at all. Plaintiff alleges that the policy's goal of preventing drugs from being smuggled into the

1  facility can also be achieved by searching the mail before handing it to inmates, as was previously
2  done. Plaintiff states that the inability to receive the actual letters, postcards, and pictures from the
3  people he loves has affected his recovery and emotional state. Dkt. No. 11 at 6-7.

### C. Screening Amended Complaint

Liberally construed, the amended complaint's first claim states a cognizable claim against defendants Ramos, Frietas, Cleveland, Robbins, Shearer, Ainsworth, Ureta, Mora, Ganschow, Zaragoza, Seavers, and Reed for deliberate indifference to inmate safety. *See Bell v. Wolfish* 441 U.S. 520, 535 & n.16 (1979) (pretrial detainees cannot be subject to conditions that amount to punishment); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (elements of Fourteenth Amendment deliberate indifference claim are (1) defendant made intentional decision with respect to conditions under which plaintiff was confined, (2) conditions put plaintiff at substantial risk of suffering serious harm, (3) defendant did not take reasonable measures to abate risk despite risk being obvious, and (4) defendant's decision caused plaintiff's injuries).

Claim Nos. 2 and 3 are DISMISSED without prejudice for failure to comply with the joinder requirements set forth in Fed. R. Civ. P. 20(a)(2). Fed R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Claim No. 2 alleges that defendant Savage, who is not named in Claim No. 1 or 3, acted unconstitutionally in having Plaintiff's clothing removed on or about December 30, 2022; and Claim No. 3 challenges the jail mail policy. Claim Nos. 2 and 3 do not arise out of the same occurrence or series of occurrences and do not share a common question of law or fact with Claim No. 1. Claim Nos. 2 and 3 are dismissed without prejudice to Plaintiff filing separate actions raising these claims.

4

# CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. Claim Nos. 2 and 3 are DISMISSED without prejudice.

2. Liberally construed, the complaint states a cognizable Fourteenth Amendment claim against defendants Santa Clara County Jail correctional officers P. Ramos, D. Frietas, B. Cleveland, D. Robbins or D. Robbinson, C. Shearer, J. Ainsworth, K. Ureta, V. Mora, D. Ganschow, A. Zaragoza, R. Seavers, and J. Reed. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint (Dkt. No. 11), with all attachments thereto, and a copy of this order upon **defendants Santa Clara County Jail correctional officers P. Ramos, D. Frietas, B. Cleveland, D. Robbins or D. Robbinson, C. Shearer, J. Ainsworth, K. Ureta, V. Mora, D. Ganschow, A. Zaragoza, R. Seavers, and J. Reed at Santa Clara County Jail, 150 West Hedding Street, San Jose, California, 95110**. A courtesy copy of the operative complaint with attachments and this order shall also be mailed to the Santa Clara County Counsel, at 70 West Hedding Street, East Wing, 9th Floor, San Jose, CA 95110.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

    5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to

Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 5/2/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge