United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR SANCHEZ-MARTINEZ,<br>                Plaintiff,<br>    v.<br>D. FREITAS, et al.,<br>                Defendants. | Case No. 22-cv-07144-HSG<br><br>**ORDER DENYING RENEWED REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 31 |

      Plaintiff Julio Cesar Sanchez-Martinez, a pre-trial detainee housed at Santa Cruz Main Jail, has filed this pro se action against certain Santa Cruz County Jail ("SCCJ") correctional officials. Plaintiff has filed a renewed request for appointment of counsel. Dkt. No. 31. Plaintiff again argues that the Court should appoint him counsel because he is unable to afford counsel; he has been granted leave to proceed *in forma pauperis*; his imprisonment greatly limits his ability to litigate; and trial and discovery will likely involve conflicting testimony such that counsel would better enable Plaintiff to present evidence and cross-examine witnesses. *Compare* Dkt. No. 31 at 1-2 *with* Dkt. No. 25 at 5-6. In addition, Plaintiff argues that appointment of counsel is necessary because the issues involved in this case are complex because the case involves several different aspects and elements of jail conditions; the issues involved in the case will require significant research and investigation; he lacks legal training; he is confined in administrative segregation with limited access to legal materials and with limited ability to investigate the facts; this case is legally complex because of the large number of defendants; he does not know how to proceed with discovery and a jury will require greater skills that he can develop prior to trial; his allegations, if proven, would clearly establish a constitutional violation; the case will require document discovery and a large number of depositions; Plaintiff only has a high school education; and

Plaintiff has a "hard time" with the Federal Rules of Civil Procedure. *See generally* Dkt. No. 31.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

The Court denied Plaintiff's prior request for appointment of counsel for failure to demonstrate exceptional circumstances, finding that the likelihood of Plaintiff's success on the merits is unclear at this point and that Plaintiff has been able to articulate his claims *pro se* and file numerous pleadings, as well as other actions, despite the limitations posed by his incarceration. Dkt. No. 29 at 11-12. Plaintiff's renewed motion has not demonstrated exceptional circumstances. At this point in the litigation, the likelihood of Plaintiff's success on the merits is unclear. And, thus far, Plaintiff has been able to articulate his claims *pro se* and file numerous pleadings, as well as other actions, despite the limitations he describes in his renewed request for appointment of counsel. The Court DENIES Plaintiff's renewed request for appointment of counsel for failure to demonstrate exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. Dkt. No. 31.

This order terminates Dkt. No. 31.

**IT IS SO ORDERED.**

Dated: 3/12/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge