Julio Cesar Sanchez-Martinez Pro-Se
inmate ID# S-260947 County Jail
259 Water Street Santa Cruz CA 95060

FILED
MAY 31 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julio Cesar Sanchez-Martinez<br>Plaintiff<br>V.<br>FREITAS, et al | Case No. 4:22-CV-07144-HSG<br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY |

TO DEFENDANTS D. Freitas, P. Ramos, C. Shearer, B. Cleveland, J. Ainsworth, D. Robbins, C. Ramirez, V. Mora, D. Genschow, R. Seavers, K. Ureta, M. Savage, A Zaragoza and J. Reed, Represented by County Counsel Jason M. Heath:

PLEASE TAKE NOTICE THAT: Plaintiff Julio Cesar Sanchez-Martinez move this court for an order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure Compelling defendants to produce for inspection and Copying the documents requested by plaintiff in his First Request For Production of Documents (see exhibit A) The motion is based on this notice of motion memorandum of points and authorities the Court's file in this case and any other matter as may properly come before the Court

# DECLARATION IN SUPPORT OF MOTION TO COMPEL

Julio Cesar Sanchez-Martinez declares under Penalty of Perjury:

1. I am the plaintiff in this Case. I make this affidavit in support of my motion to Compel discovery.

2. On March 27 I mailed defendants Counsel my first Request for Production of Documents wich is attached to this affidavit as EXHIBIT A.

3. Defendants waited untill April 30 to Serve with a response to my request for production of Documents that Come with objections to every single one of my requests and claiming certain privilidges yet improperly served without privilege log. (see EXHIBIT B)

4. On May 02, 2024 I mailed defendants a Counter response in attempt to resolve informally the discovery issue and untill today Plaintiff has not heard anything from defendants. (See EXIBIT C)

5. Objections defendants raise on their response to my first production of documents on all grounds of overbroad, compound vague and ambiguous and claiming privilege have no merit and its improperly served by raising general objections and not providing a privilege log and other requirements

May 29 2024

Julio Cesar Sanchez M. [signature]

# EXHIBIT

# A

↓

* Please note page # 3 of Plaintiff's First Request for Production of Documents is a re Construction of the original

Plaintiff has not been able to locate original page.

Julio Cesar Sanchez-Martinez, Pro-SE
INMATE # S-260947 County Jail
259 Water Street, Santa Cruz CA 95060

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julio Cesar Sanchez-Martinez<br>Plaintiff,<br>v.<br>D. FREITAS, P. RAMOS, C. SHEARER, B. CLEVELAND, J. AINSWORTH, D. ROBBINS, C. RAMIREZ, V. MORA, D. GANSCHOW, R. SEAVERS, K. URETA, M. SAVAGE, A. ZARAGOZA and J. REED.<br>DEFENDANTS. | Case No. 4:22-CV-07144-HSG<br><br>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

Pursuant to Rule 34, Fed. R. Civ. P., PLEASE TAKE NOTICE the plaintiff requests that the defendants produce the documents listed within 30 days, either by providing the plaintiff with copies or by making them available to the plaintiff for inspection and copying.

1. Any and all policies, directives, or instructions to officers working at the Santa Cruz County Main Jail pertaining to their daily tasks and duties (for all housing blocks and throughout the whole week) This includes but not limited to housing officers, supervisors, sergeants, and jail administrators.

2. Any and all policies, directives, instructions, and plans for the housing and classification of inmates of the Santa Cruz County Main Jail for the present year and past four years including modifications if any were made.

EXHIBIT A

3. Any and all policies, directives, instructions to officers working at the Santa Cruz County Main Jail regarding responding to incidents within the Jail.

4. Any and all documents pertaining to the staffing plan of the Santa Cruz County Main Jail, including but not limited to the number of officers assigned to each housing block and other parts of the Jail.

5. Any and all grievances, complaints and other documents filed by inmates and staff/officers of the Santa Cruz County Main Jail regarding safety or security concerns pertaining to cell doors being unsecure and or being able to pop open by inmates and or related to cell door lock mechanism as far as the year 2000.

6. Any and all grievances, complaints, and other documents filed by inmates and staff/officers of the Santa Cruz County Main Jail (S.C.C.M.J.) regarding safety or security concerns pertaining to the mix housing of different classified inmates in the same unit, room, or group atleast from the past four years.

7. Any and all documents typed or written statements by classification, Jail administrators and the chief regarding why more than half the Jail was put on lockdown/Administrative seperation a few years ago around 2020 or 2021.

8. Any and all documents, written or typed statements identifiable as reports/incident-reports about and or related to inmates popping doors and inmates popping doors and assaulting others inside the Santa Cruz County Main Jail facility.

9. Any and all documents/reports pertaining to the death of inmates in custody and inside the Santa Cruz County Main Jail facility.

10. Any and all documents that contain a design or drawing/graph of the structure and building of the Santa Cruz County Main Jail that display but not limited to the location of all housing blocks, units holding capability and security type, Control Center, officers desk, hallways, supervisor rooms/offices, and units designs.

11. Any and all pictures of the locks and doors in all units in the Jail that defendants have or have access to.

EXHIBIT A

12. Any and all documents, reports, or incident reports about the incident that happened the date of 03.27.2023 in M-unit of the Santa Cruz County Main Jail including incident's reports for case #2302355.

13. Any and all documents by classification that modified the group that Mr. Sanchez the plaintiff in this Case was programing in the date of 03.26.2023 in M-unit at the Santa Cruz County Main Jail.

Mar. 27, 2024

Julio Cesar Sanchez Martinez

# EXHIBIT B

EXHIBIT B

JASON M. HEATH, State Bar No. 180501
County Counsel
MICHAEL J. DE SMIDT, State Bar No. 327439
Assistant County Counsel
Office of the Santa Cruz County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2040
Fax: (831) 454-2115
Email: Michael.DeSmidt@santacruzcountyca.gov

Attorneys for Defendants
*D. Freitas, P. Ramos, C. Shearer,*
*B. Cleveland, (erroneously sued as "B. Cleaveland"),*
*J. Ainsworth, D. Robbins, C. Ramirez, V. Mora,*
*D. Ganschow, R. Seavers, K. Ureta, M. Savage,*
*A. Zaragoza, and J. Reed*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JULIO CESAR SANCHEZ-MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>D. FREITAS, P. RAMOS, C. SHEARER, B. CLEVELAND, J. AINSWORTH, D. ROBBINS, C. RAMIREZ, V. MORA, D. GANSCHOW, R. SEAVERS, K. URETA, M. SAVAGE, A. ZARAGOZA and J. REED,<br><br>Defendants. | Case No. 4:22-cv-07144-HSG<br><br>**COUNTY DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY: Plaintiff, Julio Cesar Sanchez

RESPONDING PARTY: Defendants, D. Freitas, P. Ramos, C. Shearer, B. Cleveland, J. Ainsworth, D. Robbins, C. Ramirez, V. Mora, D. Ganschow, R. Seavers, K. Ureta, M. Savage, A. Zaragoza and J. Reed

SET NUMBER: ONE (1)

Defendants D. FREITAS, P. RAMOS, C. SHEARER, B. CLEVELAND, J. AINSWORTH, D. ROBBINS, C. RAMIREZ, V. MORA, D. GANSCHOW, R. SEAVERS, K. URETA, M.

SAVAGE, A. ZARAGOZA and J. REED (hereinafter "County Defendants" or "Responding Party") responds to Plaintiff JULIO CESAR SANCHEZ-MARTINEZ's (hereinafter "Propounding Party" or "Sanchez") first set of request for production of documents as follows:

Investigation and discovery by the Responding Party are continuing and are not complete. As discovery proceeds, witnesses, facts and evidence may be discovered which are not set forth herein, but which may have been responsive to an interrogatory. Facts and evidence now known may be imperfectly understood or the relevance of consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included in the following responses. As such, this preliminary statement is incorporated herein by reference to each and every response listed below.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts and evidence, notwithstanding the absence of reference to such witnesses, facts and evidence in these responses. Finally, because some of these responses may have been ascertained by this Defendant's attorneys and investigators, the Responding Party may not have personal knowledge of the information from which such responses were derived.

The following responses are given without prejudice to the Responding Party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. This responding party, accordingly, reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The responses contained herein are made in a good faith to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the responding party in relation to further discovery, research, or analysis.

While these responses reflect the Responding Party's good faith efforts to provide as much pertinent and non-privileged information as currently is available, these responses are not intended to be, and cannot be considered to be, final or conclusive: the Responding Party has not completed formal discovery, which will continue as long as permitted by statute or stipulation, has not completed investigation or trial preparation, which will continue up to the completion of trial, and has not completed legal research or analysis, which will continue up to the conclusion of this action;

thus, these responses necessarily are limited to existing and available records, information, and facts so far discovered, understood, and recollected by the Responding Party, and to contentions and defenses currently occurring to the Responding Party, some or all of which may be revealed by further investigation, discovery, research, or analysis to be inadvertently incomplete, inaccurate, or erroneous, in which case the Responding Party reserves the right, but assumes no obligation, to produce evidence of any subsequently discovered, understood, or recollected record, information, or fact, and to assert any contention or defense that may be supported thereby.

If any information within the scope of the attorney-client privilege or the attorney-work product protection are inadvertently disclosed in these responses, this responding party has not done so intentionally, and reserves the right to assert these privileges at any time in these proceedings, and further reserves the right to request return of all privileged information, including any copies or abstracts of that information. In addition, all evidentiary objections are reserved and no waiver of any objections is to be implied with this response. To the extent that this response might arguably waive an otherwise assertable objection or claim of privilege, such waiver shall be limited to this response only, and shall not extend to any further discovery requests or subpoenas.

**GENERAL OBJECTIONS**

A. Responding Party objects to the requests to the extent they call for information, communications, or documentation protected by the attorney-client privilege, the attorney work product doctrine, the self-critical analysis privilege, the official information privilege, the deliberative process privilege, or any other state or federal statutory or constitutional privilege.

B. Responding Party objects to the requests to the extent that the information sought by them is not specified with sufficient particularity or is not relevant to this action and to the extent that such overbreadth renders the requests burdensome and oppressive.

C. Responding Party objects to the requests to the extent they seek disclosure of a trade secret and other confidential or proprietary information or are otherwise considered private and confidential under common law or any state or federal statutory or constitutional provision, including the rights of privacy under the Constitutions of the United States and of the State of California.

D. Responding Party objects to the requests to the extent they are duplicative, burdensome and harassing or to the extent that responsive documents have already been produced to Propounding Party.

E. Responding Party objects to the requests to the extent they include or use specially prepared definitions of words or phrases that render the requests overbroad, vague, ambiguous or unintelligible.

The preliminary statement and general objections are incorporated into each response below, regardless of whether specifically mentioned. The specific objections set forth below are not a waiver, in whole or in part, of any of these general objections. Subject to and without waiver of these objections, Responding Party responds below.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all policies, directives, or instructions to officers working at the Santa Cruz County Main Jail pertaining to their daily tasks and duties (for all housing blocks and throughout the whole week) this includes but not limited to housing officers, supervisors, sergeants and jail administrators.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendants (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.).

EXHIBIT B

Without waiving and specifically incorporating the foregoing objections, the Responding Defendants responds as follows: All responsive, non-privileged, relevant documents are produced herewith.

The discovery and investigation by the County Defendants are incomplete and as such, Responding Party does not have complete information responsive to this request. The County Defendants reserves their right, but assumes no obligation, to supplement this response as additional or new information, evidence or data becomes available or its relevance known.

**REQUEST FOR PRODUCTION NO. 2**:

Any and all policies, directives, instructions and plans for the housing and classification of inmates of the Santa Cruz County Main Jail for the present year and past four years including modifications if any were made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.).

Without waiving and specifically incorporating the foregoing objections, the County responds as follows: All responsive, non-privileged, relevant documents are produced herewith.

The discovery and investigation by the County Defendants are incomplete and as such, Responding Party does not have complete information responsive to this request. The County

EXHIBIT B

Defendants reserves their right, but assumes no obligation, to supplement this response as additional or new information, evidence or data becomes available or its relevance known.

**REQUEST FOR PRODUCTION NO. 3**:

Any and all policies, directives, instructions to officers working at the Santa Cruz County Main Jail regarding the incidents within the jail.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.).

Without waiving and specifically incorporating the foregoing objections, the County responds as follows: All responsive, non-privileged, relevant documents are produced herewith.

The discovery and investigation by the County Defendants are incomplete and as such, Responding Party does not have complete information responsive to this request. The County Defendants reserves their right, but assumes no obligation, to supplement this response as additional or new information, evidence or data becomes available or its relevance known.

**REQUEST FOR PRODUCTION NO. 4**:

Any and all documents pertaining to the staffing plan of the Santa Cruz County Main Jail, including but not limited to the number of officers assigned to each housing block and other parts of the jail.

///

EXHIBIT B

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.).

Without waiving and specifically incorporating the foregoing objections, the County responds as follows: All responsive, non-privileged, relevant documents pertaining to the policies are produced herewith.

The discovery and investigation by the County Defendants are incomplete and as such, Responding Party does not have complete information responsive to this request. The County Defendants reserves their right, but assumes no obligation, to supplement this response as additional or new information, evidence or data becomes available or its relevance known.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all grievances, complaints and other documents filed by inmates and staff/officers of the Santa Cruz County Main Jail regarding safety or security concerns pertaining to cell doors being unsecure and or being able to pop open by inmates and or related to cell door lock mechanism as far as the year 2000.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the

EXHIBIT B

standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.). Responding Party further objects that the disclosure of the documents requested is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. (*Federal Evidence Code* § 1040.) Finally production of the requested information could impact the safety of inmates, visitors, contractors, and staff.

**REQUEST FOR PRODUCTION NO. 6**:

Any and all grievances, complaints, and other documents filed by inmates and staff/officers of the Santa Cruz County Main Jail (S.C.C.M.J.) regarding safety or security concerns pertaining to the mix housing of different classified inmates in the same unit, room, or group at least from the past four years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and

Ex. B

calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.). Responding Party further objects that the disclosure of the documents requested is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. (*Federal Evidence Code* § 1040.) Finally production of the requested information could impact the safety of inmates, visitors, contractors, and staff.

**REQUEST FOR PRODUCTION NO. 7**:

Any and all documents typed or written statements by classification, jail administrators, and the chief regarding why more than half the jail areas put on lockdown/administrative separation a few years ago around 2020 or 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.). Responding Party further objects that the disclosure of the documents requested is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. (*Federal Evidence Code* § 1040.) Finally production of the requested information could impact the safety of inmates, visitors, contractors, and staff.

EXHIBIT B

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents, written or typed statements identifiable as reports/incident reports about and or related to inmates popping doors and inmates popping doors and assaulting others inside the Santa Cruz County Main Jail facility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.). Responding Party further objects that the disclosure of the documents requested is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. (*Federal Evidence Code* § 1040.) Finally production of the requested information could impact the safety of inmates, visitors, contractors, and staff.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents/reports pertaining to the death of inmates in custody and inside the Santa Cruz County Main Jail facility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.). Responding Party further objects that the disclosure of the documents requested is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. (*Federal Evidence Code* § 1040.) Finally production of the requested information could impact the safety of inmates, visitors, contractors, and staff.

**REQUEST FOR PRODUCTION NO. 10**:

Any and all documents that contain a design or drawing/graph of the structure and building of the Santa Cruz County Main Jail that display but not limited to the location of all housing blocks, units holding capability and security type, control center, officers desk, hallways, supervisor rooms/offices, and units designs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

EXHIBIT B

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.). Responding Party further objects that the disclosure of the documents requested is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. (*Federal Evidence Code* § 1040.) Finally production of the requested information could impact the safety of inmates, visitors, contractors, and staff.

**REQUEST FOR PRODUCTION NO. 11**:

Any and all pictures of the locks and doors in all units in the jail that defendants have or access to.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19).

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.). Responding Party further objects that the disclosure of the documents requested is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for

EXHIBIT B

disclosure in the interest of justice. (*Federal Evidence Code* § 1040.) Finally production of the requested information could impact the safety of inmates, visitors, contractors, and staff.

**REQUEST FOR PRODUCTION NO. 12**:

Any and all documents, reports, or incident reports about the incident that happened the date of 03.27.2023 in M-unit of the Santa Cruz County Main Jail including incident report for case #2302355.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19). The information sought is not subject to the issues within this litigation.

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.). Responding Party further objects that the disclosure of the documents requested is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. (*Federal Evidence Code* § 1040.) Finally production of the requested information could impact the safety of inmates, visitors, contractors, and staff.

**REQUEST FOR PRODUCTION NO. 13**:

Any and all documents by classification that modified the group that Mr. Sanchez the plaintiff in this case was programming in the date of 03.26.2023 in M-unit at the Santa Cruz County Main Jail.

EXHIBIT B

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this request on the grounds that it is overbroad, compound, vague and ambiguous, burdensome and oppressive and not reasonably particularized from the standpoint of the responding County Defendant (*West Pico Furn. Co. v. Sup.Ct.* (1961) 56 Cal.2d 407, 416; *Columbia Broadcasting System, Inc. v. Sup.Ct.* (1968) 263 Cal.App.2d 12, 19). The information sought is not subject to the issues within this litigation.

Further objection is made to the extent that the request seeks information subject to statutory and other privileges including the self-critical analysis and governmental privilege, the official information privilege, the internal investigation and the deliberative process privileges, the attorney-client privilege and/or the attorney work product doctrine, inasmuch as the request, *inter alia*, seeks to force disclosure of documents or information sought or obtained from counsel for the County and calls for the improper disclosure of the County attorney's legal reasoning, research and theories (*Evidence Code* § 954 and *Code of Civil Procedure* § 2018.010, et seq.). Responding Party further objects that the disclosure of the documents requested is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. (*Federal Evidence Code* § 1040.) Finally production of the requested information could impact the safety of inmates, visitors, contractors, and staff.

Dated: April 29, 2024

JASON M. HEATH, COUNTY COUNSEL

By: ______________________
MELISSA SHAW
Assistant County Counsel
Attorneys for Defendants
*D. Freitas, P. Ramos, C. Shearer, B. Cleveland, J. Ainsworth, D. Robbins, C. Ramirez, V. Mora, D. Ganschow, R. Seavers, K. Ureta, M. Savage, A. Zaragoza, and J. Reed*

EXHIBIT B

## CERTIFICATE OF SERVICE

I, the undersigned, state that I am a citizen of the United States and employed in the County of Santa Cruz, State of California. I am over the age of 18 years and not a party to the within action. My business address is 701 Ocean Street, Room 505, Santa Cruz, California 95060. On the date set out below, I served a true copy of the following on the person(s)/entity(ies) listed below:

**COUNTY DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

☐ by **service by mail** by placing said copy enclosed in a sealed envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

☐ by **service by mail** by placing said copy enclosed in a sealed envelope and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

x by **personal service** at a.m./p.m. at __

☐ by **express or overnight mail** by depositing a copy in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of express mail or a mailbox, mail chute, or other like facility regularly maintained by an overnight mail company, in a sealed envelope, with express mail postage paid addressed to the below listed person(s).

Julio Cesar Sanchez-Martinez
(inmate # S260947)
c/o Santa Cruz Main Jail
259 Water Street
Santa Cruz, CA 95060
**Pro Se**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on Aprill 29. 2024 at Santa Cruz, California.

[signature]
Melissa Shaw

# EXHIBIT

# C

Julio Cesar Sanchez-Martinez, Pro Se
INMATE ID #S-260947 County JAIL
259 Water Street Santa Cruz CA 95060

EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Julio Cesar Sanchez-Martinez
Plaintiff

V.

D. Freitas, P. Ramos, C. Shearer, B. Cleveland, J. Ainsworth, D. Robbins, C. Ramirez, V. Mora, D. Ganschow, R. Seavers, K. Ureta, M. Savage, A. Zaragoza and J. Reed
Defendants

Case # 4:22-cv-07144-HSG

Plaintiff's Counter Response to Defendant's Responses to Plaintiff's First Request for Production of Documents.

DEMANDING PARTY: Plaintiff Julio Cesar Sanchez-Martinez

RESPONDING PARTY: DEFENDANTS D. Freitas, P. Ramos, C. Shearer, B. Cleveland, J. Ainsworth, D. Robbins, C. Ramirez, V. Mora, D. Ganschow, R. Seavers, K. Ureta, M. Savage, A. Zaragoza and J. Reed.

PLEASE TAKE NOTICE: Julio Cesar Sanchez-M. Plaintiff of this Case In effort to settle and resolve the discovery dispute at issue informally, Plaintiff demands for defendants and their attorneys to agree to either one of the following two options:

EXHIBIT C

## Option #1

Plaintiff proposes to meet with defendants and their attorneys or simply defendants attorneys in order to discuss and resolve plaintiff's first production of documents request issue, at any time and day in the following three weeks latest or asoon as possible. The meeting would of course take place inside the County Jail at the arrangement of defendants.

## Option #2

Plaintiff asks that defendants produce all documents listed in his first Production of documents without objections in a timely, organized, and proper fashion in compliance with all rules of civil procedure before the end of the month of May 2024 or ask for extension of time from plaintiff.

Plaintiff argues/makes the following arguments in response to defendants last objections and response to Plaintiff's first Production of Document Request:

The documents sought by plaintiff are not related to privilage matters. Defendant's objections and response have been taken to be raised in bad faith, wasting everyones time and efforts, withholding important documents from plaintiff by objecting in a repetitive, meaningless, and incantation manner.

Defendants have claimed certain privilages and raised objections on those grounds yet failed to provide plaintiff with a privilage log and or setting forth sufficient information to determine wether or not any privilage applies. Responses are entirely evasive and incomplete, without merit or substantial justification.

CA. Civ. Proc. (Discovery Act) Chapter 14 Article 2 Sec. 2031.280 states in part: "(A) Any documents or category of documents produced in response to a demand for inspection, copying, testing or sampling shall be identified with the specific request # to wich the document responds." • Defendants raised objections to every single request yet produced a random set of stack of documents most wich are already accessible to plaintiff.

EXHIBIT C

Defendants objections lack response as to wether any responsive materials are being withheld on the basis of the objections. "An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34

CA. Civ. Proc. Civil Discovery Act Sect 2031.240

objections fail to "identify with particularity any document as to wich it makes an objection", and "Set forth clearly the extend of, and the specific grounds for the objection." "If an objection is based on a claim of privilage or a claim that the information sought is protected work product, the response shall provide sufficient factual information for other partys to evaluate the merits of the claim, including if necessary, a privilage log.

Defendants nor their attorneys are excused in any way from following civil Procedure Rules. Furthermore, any more attemps to making, without substantial justification, an unmeritorious objection to discovery, making evasive responses, or failing to in good faith attempt to resolve informally any dispute with the intent to annoy, oppress, or cause undue burden and expense on plaintiff can and will result in plaintiff filing a motion for an order compelling disclosure or discovery and a motion for an order to impose sanctions against defendants. Fed. R. Civ. P. 37 & CA. Civ. Proc. Section 2023.010 Misuses of discovery process.

EXECUTED May 02, 2024

[signature]
SIGNATURE

Julio Cesar Sanchez-Martinez PRO-SE
INMATE ID#: S-260947 COUNTY JAIL
259 WATER STREET SANTA CRUZ, CA 95060

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julio Cesar Sanchez-Martinez<br>Plaintiff<br>V.<br>D. FREITAS, et al<br>Defendants. | CASE No. 4:22-cv-07144-HSG<br>PLAINTIFFS NOTICE OF MOTION AND MOTION FOR STAY OF DEFENDANT'S SUMMARY JUDGMENT<br>The Hon. Haywood S. Gilliam, Jr. |

TO DEFENDANTS D. Freitas, P. Ramos, C. Shearer, B. Cleveland, J. Ainsworth, D. Robbins, C. Ramirez, V. Mora, D. Gamschow, R. Sewers, K. Ureta, M. Savage, A. Zaragoza and J. Reed, Represented by County Counsel Jason M. Heath:

PLEASE TAKE NOTICE THAT: Plaintiff Julio Cesar Sanchez-Martinez move this Court for an order staying defendants summary judgment pending completion of discovery and Plaintiff's motion to Compel Discovery Pursuant Rule 56 of the Federal Rules of Civil Procedure. The motion is based on this notice of motion, memorandum of points and authorities, the court's file in this action and any other matters as may properly come before the Court.

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Plaintiff requests the court stay defendant's summary judgment motion,

vacate the current deadline to file an answer, and if necessary, issue a new deadline to file an answer to defendant's summary judgment motion after ruling on plaintiff's motion to Compel Discovery. Plaintiff's motion to Compel Discovery is currently pending before the Court. Plaintiff's First Request for Production of Documents was mailed to defendants on the date of March, 27, 2024 (see exhibit A). On the date of March, 28, 2024 defendants Cousel deposed of plaintiff at the Santa Cruz County Jail. On april 30 plaintiff was served with defendant's responses to plaintiff's first request for production of documents, were they procede to object to every single one of Plaintiff's request (see exhibit B). On May, 02, 2024 Plaintiff Sent them a Counter response attempting to resolve discovery issue and unit our present day its gone un responded to. On the date of Plaintiff has mailed defendants his first set of Interrogatories.

Defendants shortly after deposing of plaintiff and learning that plaintiff had no evidence/documents that could establish his set of facts of his claim, they moved for summary judgment. Defendants motion for summary judgment is premature and Plaintiff's motion to Compel discovery if granted, will allow plaintiff to properly oppose defendants summary judgment and present proper facts against it. Plaintiff therefor request this Court issue an order staying defendants summary judgment vacate the current deadline to file an answer, and if necessary issue a new deadline, after ruling on Plaintiff's motion to Compel discovery.

II DISCOVERY SOUGHT BY PLAINTIFF

Plaintiff on the date of Mar. 27, 2024 mailed defendants his first request for production of documents (see exhibit A). The documents sought by plaintiff are essential for him to be able to oppose defendants summary judgment aswell as the answers from defendants answering to plaintiff's first set of interrogatories.

A. On Plaintiff's First Production of documents request the documents sought are directives policies or instructions to officers working at the Jail Pertaining to their daily tasks and duties for all housing blocks. This request for production of documents is Similar to Plaintiff first set of interrogatories directed towards

SGT A. Zaragoza and M. Savage questions 5, 6, 7 that was mailed to them on the date of May 24, 24. These documents and facts will help plaintiff prove officers have way too many duties during the day that take them away from their desk making it unsafe for us; for they are unable to answer the intercoms when pressed (the ones inside our rooms). Furthermore other interrogatories and documents Pertaining to staffing of the jail, jail structure, inmate grievances and when officers first become aware of inmates being able to manipulate locks and pop open their doors will allow plaintiff to present the interrogatories and documents in opposition against defendants Summary Judgment.

B. Defendants have already Confirmed earlier in their documents that there is a grievance procedure at the jail and that they keep incident reports and have access to them. Furthermore discovery is essential to plaintiff to be able to present more than his word or defendants disposition of plaintiff.

ANALYSIS

A Courts "power to stay proceeding is incidental to the power inherent in every Court to Control the disposition of the Causes on its dockets with economy of time and effort for itself, for Counsel and for litigants." Landis V. North American Co., 299 U.S. 248, 254 (1936). A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the Circumstances of the particular case". Nken V. Holder, 556 U.S. 418, 433 (2009) "under Rule 56, the Court may postpone ruling Summary Judgment motion where the non-moving party needs "additional discovery to explore facts essential to Justify the party's opposition Jones V. Blanas, 393 F.3d 918 (9th Cir. 2004) (quoting Crawford-El V. Britton, 523 U.S. 574, 599 n.20, 118 S.Ct 1584, 140 L. Ed. 2d 759 (1998).

Garrett V. City and County of S.F., 818 F.2d 1515 (9th Cir 1987)

May 28 2024

Julio Cesar Sanchez M.

Sanchez-Martinez, Julio Cesar V. Freitas, et al
Case No. 4:22-cv-07144-HSG



Plaintiff's Notice of Motion And Motion for Stay of Defendant's Summary Judgment

Julio Cesar Sanchez-Martinez Pro-Se
inmate ID # S-260947 County Jail
259 Water Street Santa Cruz CA 95060

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julio Cesar Sanchez-Martinez<br>Plaintiff<br><br>V.<br><br>FREITAS, et al<br>Defendants | Case No. 4:22-CV-07144-HSG<br><br>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS |

PROPOUNDING PARTY: Plaintiff Julio Cesar Sanchez-Martinez

RESPONDING PARTY: Defendant A. Zaragoza and M. Savage

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendants A. Zaragoza and M. Savage answer the following interrogatories under oath, and that the answers be signed by the persons making them and be served on plaintiff within 30 days of service of the Interrogatories.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning

the unanswered portions.

These interrogatories shall be deemed Continuing, so as to require supplemental answers as new and different information materializes.

1.) State how often supervisors have meetings and who attends them at the Santa Cruz County Jail.

2.) State how long have you worked at the SCCJ.

3.) State how long have you known about inmates being able to manipulate locks and pop open their cell doors at the SCCJ.

4.) State your duties, tasks, powers, and responsabilities as SGT'S of the SCCJ.

5.) State the duties, tasks, and responsabilities of housing officers of West housing at the SCCJ. (be specific.)

6.) State the duties, tasks, and responsabilities of housing officers of South housing at the SCCJ.

7.) State the duties, tasks, and responsabilities of housing officers of North housing at the SCCJ.

8.) State the reason(s) why inmates of different classification such as active gang members, drop outs, and protective custody can be and are housed in the Same unit at the SCCJ.

9.) State the number of officers that work day shift on the daily at the SCCJ.

10.) State the names and addresses of officers working at the SCCJ.

Executed & Signed May 28 2024

Julio Cesar Sanchez-Martinez

Julio Cesar Sanchez-Martinez Pro-Se
inmate ID# S-260947 259 Water
Street Santa Cruz, CA 95060

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT of CALIFORNIA

| | |
|---|---|
| Julio Cesar Sanchez-Martinez<br>Plaintiff<br><br>V.<br><br>D. FREITAS, et al | Case No. 4:22-cv-07144-HSG<br><br>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS |

PROPOUNDING PARTY: Julio Cesar Sanchez-Martinez (Plaintiff)

RESPONDING PARTY: DEFENDANT: P. RAMOS

IN accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant P. RAMOS answer the following interrogatories under oath, and that the answers be signed by the person making them and be served on plaintiff within 30 days of service of these interrogatories.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the

extent possible. Specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materializes.

1.) State for how many years you worked at the Santa Cruz County Jail (Provide Dates).

2.) State the year and day when you and your staff became aware of inmates being able to manipulate cell doors and pop them open.

3.) State the duties and tasks aswell as responsibilities you had while holding the position of deputy Chief at the Santa Cruz County Jail.

4.) State how often you and your staff conducted meetings while working at the SC County Jail.

5.) State what purpose was there in conducting meetings when you worked at the Jail.

6.) State what actions you and your team took after becoming aware of inmates being able to manipulate door locks and pop open their cell doors.

7.) State how long during the years you worked at the Santa Cruz CJ was the Jail understaffed.

8.) State how many inmates were caught popping open their cells during the years you worked at the Santa Cruz County Jail.

9.) State the number ~~of~~ and nature of every death that occurred during the years you worked at the Santa Cruz County Jail (inmate deaths within the SCCJ).

10.) State the reason(s) why the jail was understaffed when and during the years you worked at the SCCJ.

11.) State the reason(s) why the locks were not changed during the years you worked at the SCCJ.

12.) State what investigations and actions you and your team took after you answered plaintiff's grievance # 10,853,251 filed by plaintiff on the date 01,31,2022.

13.) State the number of officers that were in charge of working in each housing block on the daily during the years you worked at the SCCJ.

14.) State how your team classified and housed inmates during the time/years you worked at the SCCJ.

Date Executed May 28 2024

Julio Cesar Sanchez M.

Julio César Sanchez-Martinez Pro-Se
Inmate ID# S-260947 County Jail 259 Water Street Santa Cruz, CA 95060

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julio César Sanchez-Martinez<br>Plaintiff<br>V.<br>FREITAS, et al<br>Defendants | Case No. 4:22-CV-07144-HSG<br>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS |

PROPOUNDING PARTY: Plaintiff Julio César Sanchez-Martinez

RESPONDING PARTY: Defendant D. Freitas

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant D. Freitas answer the following interrogatories under oath, and that the answers be signed by the person making them and be served on plaintiff within 30 days of service of the interrogatories.

If you cannot secure an answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the

extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materializes.

1.) State how many incidents have you or your staff encountered since you started working at the Santa Cruz County Jail pertaining to inmates manipulating locks and or popping open their cell doors at the SCCJ.

2.) State what actions and changes have been made and taken by you and your staff to prevent door lock tampering and inmates popping out their cells since you first became aware of it happening.

3.) State how and when did you first become informed or aware of inmates being able to manipulate locks and pop their cell doors open.

4.) State the incident response procedure of Jail staff/Personal when there is a fight or other disturbance within the SCCJ.

5.) State how many units there are in each housing block and the number of inmates each units hold.

6.) State how long the SCCJ has been understaffed and the reason why since you started working at the Jail.

7.) State your duties, powers, and responsabilities as Deputy Chief of the SCCJ.

8.) State the number of officers working inside Control Center on the daily at

the Santa Cruz County Jail.

9.) State how the Intercoms work, the ones placed inside inmate cells and the ones found in the day rooms of the units at the SCCJ.

10.) State the duties, tasks and responsabilities of officers working inside Control Center have on the daily at the SCCJ.

11.) State the purpose and procedure of the grievance system of the SCCJ.

12.) State the number and nature of inmate deaths that occurred since you started working at the SCCJ.

13.) State a description of everything inside Control Center at the SCCJ. Example: TV's monitors etc...

Executed & Signed May 28 2024

Julio Cesar Sanchez Martinez

NAME: Julio Cesar Sanchez-M
S #: 260947
259 WATER STREET
SANTA CRUZ, CA 95060
"INMATE CORRESPONDENCE"

LEGAL MAIL

US POSTAGE PITNEY BOWES
ZIP 95060 $ 003.07⁰
02 1W
0001386823 MAY 29 2024

RECEIVED
MAY 31 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Office of The Clerk, U.S District Court
Northern District of California
1301 Clay Street, 400 S. Tower
Oakland, California 94612-5212



CLEARCLASP
Item# 43568
Patent Pending