UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR SANCHEZ-MARTINEZ,<br>Plaintiff,<br>v.<br>D. FREITAS, et al.,<br>Defendants. | Case No. 22-cv-07144-HSG<br><br>**ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE; GRANTING MOTION TO VACATE BRIEFING SCHEDULE; DENYING SUMMARY JUDGMENT MOTION WITHOUT PREJUDICE; SETTING DEADLINES**<br><br>Re: Dkt. Nos. 33, 34 |

Plaintiff Julio Cesar Sanchez-Martinez, a pre-trial detainee housed at Santa Cruz Main Jail, has filed this *pro se* action, alleging that certain Santa Cruz County Jail ("SCCJ") correctional officials have been deliberately indifferent to his safety. For the reasons set forth below, the Court DENIES Plaintiff's motion to compel, Dkt. No. 34 at 1-27; GRANTS Plaintiff's motion to vacate the briefing schedule, Dkt. No. 34 at 28-42; DENIES without prejudice Defendants' summary judgment motion, Dkt. No. 33; and sets certain deadlines in this case.

**BACKGROUND**

The operative complaint alleges that Santa Cruz County Jail ("SCCJ") correctional officials Ramos, Frietas, Cleveland, Robbins, Shearer, Ainsworth, Ureta, Mora, Ganschow, Zaragoza, Seavers, and Reed were aware of, but have not addressed, the following unsafe jail conditions that put the safety of Plaintiff (and other inmates) at risk: ineffective door locking mechanism that allows for doors to be popped open by inmates at will; an inadequate officer-to-inmate staffing ratio; and failing to segregate inmates that pose potential threats to other inmates, such as failing to segregate minimum, medium, and maximum security inmates, failing to segregate violent and nonviolent inmates, failing to segregate mental health inmates, and failing to

1   segregate active gang members and dropouts. *See generally* Dkt. No. 11.

2           On May 11, 2023, the Court found that the operative complaint stated a cognizable

3   Fourteenth Amendment claim against Santa Cruz County Jail ("SCCJ") correctional officials

4   Ramos, Frietas, Cleveland, Robbins, Shearer, Ainsworth, Ureta, Mora, Ganschow, Zaragoza,

5   Seavers, and Reed for deliberate indifference to Plaintiff's safety. Dkt. No. 16. The Court ordered

6   the Clerk to issue summons, and the United States Marshal to effect service, and informed the

7   parties that discovery could commence. *Id.*

8           On June 9, 2023, in lieu of an answer, Defendants filed a motion to dismiss, and a motion

9   to vacate discovery and the scheduling order. Dkt. Nos. 20, 21. On February 1, 2024, the Court

10  denied the motion to dismiss and denied as moot the motion to vacate discovery and the

11  scheduling order. Dkt. No. 29. The Court set a new briefing schedule, which required Defendants

12  to file their dispositive motion by May 2, 2024. *Id*.

13          In early April 2024, Defendants received Plaintiff's Requests for Production, which they

14  timely responded to on April 29, 2024. Dkt. No. 36 at 2.

15          On May 2, 2024, Defendants filed a summary judgment motion. Dkt. No. 33.

16          Sometime in early May, Defendants received a document titled "Plaintiff's Counter

17  Response to Defendant's Responses to Plaintiff's First Request for Production of Documents"

18  dated May 2, 2024. Dkt. No. 36 at 2. In this document, Plaintiff stated that he was writing to

19  resolve the discovery dispute and offered Defendants two choices. First, the parties could meet

20  within the next three weeks to address Plaintiff's RFPs. Second, Defendants could produce all the

21  documents requested in the RFPs without objections by the end of May. Plaintiff also informed

22  Defendants that he objected to their discovery responses; that their objections were unfounded;

23  that they had failed to produce a privilege log; and that they had only produced documents that

24  were readily accessible to Plaintiff. Dkt. No. 34 at 24-26.

25          On May 30, 2024, counsel for Defendants sent Plaintiff a letter responding to his May 2nd

26  demand letter, explaining the grounds for its responses and offering to provide amended responses

27  further explaining County Defendants' positions on the requests. Dkt. No. 36 at 2-3. A day or

28  two after sending this letter, Defendants received Plaintiff's motion to compel. Dkt. No. 36 at 3.

1  The Court received from Plaintiff and docketed a 54-page pleading on May 31, 2024. Dkt. No.
2  34. It appears that this 54-page pleading was intended to be two separate motions: a motion to
3  compel, Dkt. No. 34 at 1-27; and a motion to stay Defendants' summary judgment motion, which
4  includes as exhibits Plaintiff's May 28, 2024, first set of interrogatories, Dkt. No. 34 at 28-42.

5  On July 10, 2024, Plaintiff filed a pleading titled, "Plaintiff's Supporting Documents in
6  Regards to Motion to Compel Discovery." Dkt. No. 37. In this pleading, Plaintiff alleges that
7  Defendants moved for summary judgment in bad faith, knowing that Plaintiff lacked the necessary
8  evidence to oppose the summary judgment motion; and that Defendants have refused to cooperate
9  in discovery as evinced by their discovery responses and objections. Plaintiff requests that the
10 Court grant his motion to compel and impose sanctions upon Defendants. *See generally* Dkt. No.
11 37.

**DISCUSSION**

**I.  Motion to Compel (Dkt. No. 34 at 1-27)**

14 Plaintiff has filed a motion to compel discovery, stating that Defendants' objections to his
15 requests for production are meritless and that Defendants have failed to provide a privilege log.
16 Dkt. No. 34. Defendants oppose the motion to compel on the following grounds. First,
17 Defendants argue that Plaintiff's motion to compel fails to comply with N.D. Cal. Civil L.R. 37-2
18 in that Plaintiff failed to set forth each request in full, followed immediately by the objections and
19 or responses thereto; because he has not explained why further response is warranted, and how the
20 likely benefit of compelling further response would outweigh the associated burden or risk; and
21 because he has not shown how the proportionality and other requirements of Fed. R. Civ. P.
22 26(b)(2) are satisfied. Second, Defendants argue that their discovery responses are proper. Third,
23 Defendants argue that Plaintiff filed the motion to compel in bad faith because he filed it prior to
24 the time set forth in his May 2, 2024 demand letter. Finally, Defendants argue that Plaintiff's
25 request for sanctions is "procedurally deficient and substantively untenable." Dkt. No. 36.

26 The Court DENIES Plaintiff's motion to compel for failure to comply with N.D. Cal. Civil
27 L.R. 37, and because it is unclear what relief is sought.
28 The motion to compel fails to comply with Local Rule 37-1's requirement that the moving

party confer with the opposing party in an attempt to resolve all disputed issues, prior to filing the motion to compel. While Plaintiff sent Defendants a demand letter dated May 2, 2024, and served Defendants with his objections to their responses to his RFPs, Plaintiff filed the motion to compel before Defendants had a chance to respond to his May 2, 2024 letter. Plaintiff's May 2024 letter and attached "Counter response to Defendant's Response's to Plaintiff's First Request for Production of Documents" do not satisfy Local Rule 37-1 meet and confer requirement.

The motion to compel fails to comply with Local Rule 37-2's requirement that the motion "set forth each [discovery] request in full, followed immediately by the objections and/or responses thereto[; and for] each such request, . . . detail the basis for the party's contention that it is entitled to the requested discovery and . . . show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." N.D. Cal. L.R. 37-2. Because Plaintiff has failed to comply with Local Rule 37-2's format requirement and objected generally to the discovery responses, the Court is unable to ascertain what aspects of the discovery responses are deficient, if any.

Finally, it is unclear what relief Plaintiff seeks, in part because Plaintiff has not complied with Local Rule 37-2. Plaintiff states generally that Defendants' objections to his requests for production are meritless. But it is unclear what documents have been produced so far, how these documents are insufficiently responsive, what other documents Plaintiff seeks, the basis for Plaintiff's entitlement to these additional documents; and how Fed. R. Civ. P. 26(b)(2)'s requirements are satisfied.

The denial of Plaintiff's motion to compel is without prejudice to Plaintiff filing a motion to compel after he has satisfied Local Rule 37-1's requirement that he confer with Defendants in an attempt to resolve all disputed issues. Any motion to compel must comply with Local Rule 37-2's format requirements, so that the Court can easily ascertain Plaintiff's specific objections to specific responses, what additional documents are sought, and the justification for obtaining such documents.[1]

---

[1] The Court notes that the motion to compel, Dkt. No. 34, objects to Defendants' responses to Plaintiff's requests for productions, whereas Plaintiff's supporting documents, Dkt. No. 37,

The Court further notes that, generally speaking, to the extent that Defendants are withholding documents based on privilege, Fed. R. Civ. P. 26(b)(5) requires Defendants to expressly make the privilege claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

## II. Plaintiff's Motion to Stay Summary Judgment Motion (Dkt. No. 34 at 28-42); Defendants' Summary Judgment Motion (Dkt. No. 33)

Plaintiff has filed a motion seeking to stay Defendants' summary judgment motion pending completion of discovery or, in the alternative, vacate the briefing schedule. Dkt. No. 34 at 28-42. Plaintiff states he is actively engaged in seeking discovery, having served discovery requests on Defendants in May 2024. Dkt. No. 34 at 29-30. Plaintiff's alleged inability to obtain relevant documents constitutes good cause to delay the briefing of the summary judgment motion. However, the Court informed the parties that discovery could commence in May 2023, yet Plaintiff did not commence discovery until May 2024, a year later. Accordingly, the Court ORDERS as follows. The Court GRANTS Plaintiff's motion to vacate the briefing schedule, Dkt. No. 34 at 28-42; DENIES Defendants' summary judgment motion without prejudice to Defendants re-filing this motion after discovery has closed, Dkt. No. 33; and SETS the following deadlines. By February 28, 2025, the parties must complete discovery. By April 30, 2025, Defendants shall file their dispositive motion. Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief in support of their dispositive motion no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

//

---

objects to Defendants' responses to Plaintiff's interrogatories. Any renewed motion to compel further responses to discovery requests should list all the relief sought, i.e. all the discovery requests at issue, in the initial motion. Plaintiff should not seek additional relief in supplemental pleadings supporting the motion, counter-responses, or replies in support of his motion.

**CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows.

1. The Court DENIES Plaintiff's motion to compel. Dkt. No. 34 at 1-27. The denial is without prejudice to Plaintiff filing a motion to compel further discovery responses after he has satisfied Local Rule 37-1's requirement that he confer with Defendants in an attempt to resolve all disputed issues. Any motion to compel must comply with Local Rule 37-2's format requirements, so that the Court can easily ascertain Plaintiff's specific objections to specific responses, what additional documents are sought, and the justification for obtaining such documents.

2. The Court GRANTS Plaintiff's motion to vacate the briefing schedule, Dkt. No. 34 at 28-42, and Court DENIES Defendants' summary judgment motion, Dkt. No. 33, without prejudice to Defendants re-filing this motion after discovery has closed.

3. The Court sets the following deadlines in this case. By February 28, 2025, the parties must complete discovery. By April 30, 2025, Defendants shall file their dispositive motion. Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief in support of their dispositive motion no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

This order terminates Dkt. Nos. 33, 34.

**IT IS SO ORDERED.**

Dated: 12/2/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge